850 So.2d 636 (2003)
C.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4795.
District Court of Appeal of Florida, First District.
July 24, 2003.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
*637 Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
We reverse appellant's conviction for knowingly disrupting or interfering with the lawful administration or function of an educational institution in violation of section 877.13(1), Florida Statutes (2002). We are required to reverse because evidence failed to demonstrate that appellant specifically and intentionally interfered with a school function. See T.H. v. State, 797 So.2d 1291 (Fla. 4th DCA 2001).
Appellant and a student, A.O., were involved in a verbal altercation over a bracelet. Later that day, a fight broke out between unknown persons in the gym building, attracting attention from many student observers. By the time the deans responded, the fight had broken up; however, the deans discovered that appellant and four other boys had allegedly fled the school campus sometime before or after the fight. No one was seen chasing the boys; a police officer testified that he spotted the boys behind a house and yelled at them, but he did not know if the boys heard him. Appellant testified that he was not involved in the fight and that A.O. and two other boys had chased appellant off campus. A.O. testified that he did not see appellant run off campus, nor did he chase appellant off campus. Approximately three to four hundred students were late to their next classes as a result of the incident.
Section 877.13(1), Florida Statutes (2002), provides that:
(1) It is unlawful for any person:
(a) knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
(Emphasis added.) This statute contains a specific scienter requirement and prohibits acts which are "specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on a school's property." M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997) (emphasis added); see also T.H. v. State, 797 So.2d at 1292.
In M.C., a juvenile entered the school's office to protest her brother's arrest, "hurl[ed] obscenities" at the arresting officer, and "wav[ed] ... her arms as if to encourage or incite the other students to join in the protest of her brother's arrest." Id. at 479. The Third District in M.C. noted that the apparent intent of section 877.13 is to ensure that educational institutions and their administrators are able to perform their lawful functions without undue or unwarranted interference or disruption, and the court held that because the juvenile's actions "brought the school office's normal activities to a temporary halt," the juvenile's actions disrupted the normal school regimen and were clearly proscribed by the statute. Id. at 480-481.
The state relies on M.C. and argues that some four hundred students were distracted from their classes and other school activities as a result of the incident, causing them to be tardy. One of the deans testified that administrators' tasks include assisting students to their classes. The state, however, presented no competent evidence that appellant was involved in the fight or that appellant's flight from campus was intended to disrupt lawful administration of the school. Unlike the facts in M.C., where the defendant took intentional action to cause a disruption of the school's function, there is no evidence that such intentional action occurred here.
Appellant argues that this case is similar to T.H. and that T.H. should be controlling. *638 There a juvenile was convicted under section 877.13(1) for engaging in a fight with another student over a girl on a high school campus before school began in the morning. The court in T.H. found no evidence of knowing or intentional conduct designed to disrupt a school function or activity. We agree with appellant that T.H. controls the result in this case.
The conviction is reversed.
LEWIS and POLSTON, JJ., concur.